# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

IN RE:                                    :
                                          :
                                          :
Tristan W. Gillespie                      :        MISC. CASE NO. 21-mc-014
                                          :             (DISCIPLINARY)
                                          :
Respondent.                               :
**********************************************************************************

## ORDER

On December 20, 2020, Tristan W. Gillespie, Esquire, was referred to the Court's Disciplinary and Admissions Committee for alleged breach of the applicable Rules of Professional Conduct[1] in filing, along with his employer, Thomas B. Bacon and Thomas Bacon, P.A (the "Firm"), more than 600 Title III of the Americans with Disabilities Act ("ADA") "tester" cases on behalf of two clients with disabilities. On January 7, 2021, this Court appointed an attorney-investigator pursuant to Local Rule 705.1.a to investigate Respondent's conduct as a member of the Bar of this Court. Upon review of the Attorney-Investigator's report and recommendation filed with the Court on February 2, 2022, the Court initiated formal proceedings against Respondent pursuant to Local Rule 705.1.c and ordered Respondent to show cause why he should not be disciplined under Local Rule 705.1.h for the reasons stated in the Attorney-Investigator's report and recommendation. After reviewing Respondent's response to show cause, the Court remained concerned about Respondent's conduct, and ordered a hearing to be held before a three-judge Panel (the "Panel").

On September 23, 2022, the Panel held a hearing at which Respondent appeared on his own behalf and testified at length. On June 30, 2023, the Panel issued its Report and Recommendation ("Report"). ECF No. 13. The Panel concluded that Respondent violated the following rules of professional conduct: (1) the duty to keep clients reasonably informed about the scope of the fee agreements and the direction of the litigation (MARPC 19-301.2 & 19-301.4); (2) candor to the tribunal (MARPC 19-303.3); and, (3) the duty of fairness and candor to opposing counsel (MARPC 19-303.4 & 19-304.1). *See id.* Based on the Panel recommendation, the Court suspended Respondent from the practice of law in this Court for six months with the opportunity to petition for reinstatement thereafter. The Court also adopted and incorporated the Report as its Memorandum Opinion in support of the Order. ECF No. 14.

---

[1] Members of this Bar are expected to follow the Maryland Attorneys' Rules of Professional Conduct ("MARPC").

On July 21, 2023, Respondent moved for reconsideration of this Court's decision. ECF No. 15. Respondent contends that the Court erred in making "inaccurate" factual findings and arriving at "flawed" legal conclusions. *See* ECF No. 15 at 3. Respondent takes issue with discrete aspects of the Panel decision. Principally, he faults the Panel for "ambush[ing]" him at an evidentiary hearing for which he had months to prepare. *See id* at 2. He further submits his own "sworn declaration" in which he attests that Mr. Bacon was responsible for communicating the fee agreement terms and securing permission for actions taken in the case. *See* ECF No. 15-1. But lost on Respondent is the ample notice he had received through two investigative reports and interim orders of the issues to be discussed at the hearing. Nor was he restricted in any way from providing whatever countervailing evidence he deemed necessary for the Court's consideration. In short, this self-serving "declaration" does not convince the Court that reconsideration is warranted.

Respondent next argues that the putative "expert" and "investigator," Daniel Pezza, played an essential role in ensuring that Plaintiffs' hotel information was sufficiently accurate to satisfy the pleading requirements of Federal Rule of Civil Procedure 11(b). *See* ECF No. 15 at 11-13. To be sure, an attorney must do his part to comply with Rule 11. But nothing in the robust record that this Court has previously considered suggests that Mr. Pezza's supposed services at $650 per case was at all necessary in this "verification" process. Rather, any attorney with internet access could have performed the same purported "review" of the pleading facts.

Respondent otherwise rehashes many of the arguments that the Court already considered and rejected. Because the arguments remain unavailing, the Court finds no basis to reconsider the prior order of discipline. Accordingly, it is

ORDERED by the United States District Court for the District of Maryland that Respondent's Motion for Reconsideration (ECF No. 15) is DENIED; and it is further

ORDERED that the Clerk is directed to send a certified copy of this Order by regular mail to Respondent.

Date: _August 9, 2023_                    _James K. Bredar_

                                                         James K. Bredar
                                                         Chief Judge