IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN RE:

Tristan W. Gillespie

Respondent.

\*
\*
\*
\*

**CASE NO. 21-mc-014
(DISCIPLINARY)**

## ORDER

On January 7, 2021, this Court appointed an attorney-investigator under Local Rule 705.1.a to investigate Respondent Tristan W. Gillespie's conduct as a member of the Bar of this Court. ECF No. 1. Upon review of the attorney-investigator's report and recommendation, and on the recommendation of the Disciplinary and Admissions Committee to initiate formal proceedings against Respondent, the Court appointed a three-judge disciplinary panel (the "Panel") to hold a hearing to consider the nature of Respondent's fee petitions filed in this and other courts; the nature of Respondent's relationship with his clients and certain personnel with whom he worked; and repeated misrepresentations made during the investigation and to other tribunals. ECF No. 10. Following the hearing, the Panel found that Respondent committed three separate ethical violations, in that he (1) failed to adequately communicate with his clients and keep them reasonably informed, in violation of MARPC[1] 19-301.2 and 19-301.4; (2) failed to act with candor towards this and other tribunals, in violation of MARPC 19-303.3, and (3) failed to act with fairness and candor towards opposing counsel during settlement negotiations, in violation of MARPC 19-303.4 and 19-304.1. ECF No. 13. The Court adopted the Panel's report and recommendation and suspended Respondent from the practice of law before this Court for a period of six (6) months, effective July 5, 2023. ECF No. 14.

On July 21, 2023, Respondent moved for reconsideration, which the Court denied. ECF Nos. 15, 19.[2] On July 26, 2023, Respondent appealed this Court's order of discipline, arguing that the Court failed to provide Respondent adequate notice that two of the three bases could subject him to discipline: his failure to keep his clients reasonably informed and his practice of misleading opposing counsel during settlement discussions regarding whether his clients owed attorney's fees when, in reality, they did not. Respondent's appeal did not address the third ground for discipline,

---

[1] Attorneys in this district must adhere to the Maryland Attorneys' Rules of Professional Conduct ("MARPC").
[2] On August 14, 2023, after this Court ruled on his motion for reconsideration, Respondent withdrew the motion. ECF No. 22.

his failure to act with candor towards tribunals.

On November 14, 2023, the Fourth Circuit concluded that although Respondent received sufficient notice that his settlement practices could subject him to discipline, he had not been given similar notice regarding his inadequate client communications. Thus, the Fourth Circuit vacated this Court's July 5, 2023, order of discipline and remanded the case for further proceedings consistent with its decision. ECF Nos. 29 & 29-1.

On November 28, 2023, Respondent filed a Request for Hearing in this Court.

The case having been remanded and Respondent having requested a hearing, the Court now places Respondent ON NOTICE that the Court intends to consider whether Respondent has failed to adequately communicate with his clients and keep them reasonably informed in violation of MARPC 19-301.2 and 19-301.4, in addition to the other grounds the Fourth Circuit has left undisturbed.

Accordingly, on this 29th day of November 2023, it is hereby ORDERED that Respondent's Request for Hearing is GRANTED; and it is further

ORDERED that within 21 days from today, Respondent shall file any additional evidence or supplemental briefing on whether Respondent violated MARPC 19-301.2 and 19-301.4 as articulated in the report and recommendation at ECF No. 13. In his supplemental briefing, Respondent must include a brief description of the evidence Respondent intends to present or witnesses he intends to call relevant to whether or not he has violated MARPC 19-301.3 and 19-301.4.

The Clerk is directed to send a certified copy of this Order to Respondent by regular mail. The Clerk shall also notify the National Discipline Data Bank of this Order as required by Local Rule 705.5(b).

Date: Nov. 29, 2023

James K. Bredar
Chief Judge