IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| IN RE: | * | |
| | * | CASE NO. 21-mc-014 |
| Tristan W. Gillespie | | (DISCIPLINARY) |
| | * | |
| Respondent. | | |
| | * | |

## SUPPLEMENTAL REPORT & RECOMMENDATION

Pending before this Panel of the Court's Disciplinary and Admissions Committee (the "Panel") is the reconsideration this Court's prior six-month suspension for attorney Tristan Gillespie. On July 5, 2023, after nearly two years of investigation and an evidentiary hearing, the Court suspended Gillespie from the practice of law for six months based on three grounds:

(1) failure to adequately communicate with his clients and keep them reasonably informed, in violation of Maryland Attorney Rules of Professional Conduct (MARPC) 19-301.2 and 19-301.4;

(2) failure to act with candor towards this and other tribunals, in violation of MARPC 19-303.3, and;

(3) failure to act with fairness and candor towards opposing counsel during settlement negotiations, in violation of MARPC 19-303.4 and 19-304.1.

ECF No. 14.

On July 26, 2023, Gillespie appealed the Court's decision. He argued that as to the first and third grounds, he had not received sufficient notice in advance of the disciplinary hearing that he may be subject to sanction for the violations. ECF No. 29-1. On November 14, 2023, the United States Court of Appeals for the Fourth Circuit vacated this Court's order of discipline, concluding that Gillespie had not been sufficiently notified as to the first ground. ECF No. 29-1. The Fourth Circuit also found that Gillespie had received adequate notice of the third ground and left the second ground undisturbed because Gillespie had not appealed the Court's determination. ECF Nos. 29 & 29-1.

On remand, this Panel reconvened to reopen the record as to whether Gillespie had failed to

adequately communicate with his clients and keep them reasonably informed, in violation of MARPC 19-301.2 and 19-301.4. In his supplemental briefing, Gillespie argued that his then law partner, Thomas Bacon, had been solely responsible for all client communications regarding settlement or dismissal. The appointed attorney-investigator, in turn, reinterviewed Gillespie and deposed Bacon.

On March 18, 2024, the Panel held a second evidentiary hearing limited to whether Gillespie violated MARPC 19-301.3 and 19-301.4 by failing to keep his clients reasonably informed about settlement or dismissal of their cases.[1] At the hearing, the attorney-investigator summarized his supplemental investigation and recommended that the Court find that Gillespie had not violated the duty to keep his clients reasonably informed because that duty fell squarely on Bacon. The attorney-investigator also rightly pointed out that Bacon likely breached his duty to keep his clients reasonably informed of settlement terms in that Bacon readily admitted to negotiating settlements without any input from his clients. That said, the attorney-investigator concluded that Bacon, not Gillespie, was the ultimate decisionmaker regarding settlement, and so Gillespie could not be held responsible.

At the second hearing, the Panel asked Gillespie multiple questions, including why he had not offered this explanation at the first hearing. This response, if true, would have been easy to offer. Gillespie, however, declined to testify, invoking his privilege against self-incrimination under the Fifth Amendment to the United States Constitution. As part of this invocation, Gillespie noted that his previous testimony did not "work out really great for [him] the last time."

The Panel views Gillespie's and Bacon's supposed division of labor with suspicion. Of the thousands of cases that Gillespie handled, the record reflects that he indeed had dealings with defense counsel and clients. Given the sheer volume of cases for which Gillespie was responsible, it seems odd that only Bacon would handle client discussions about settlement or dismissal. Further, given that the

---

[1] Gillespie had initially requested the hearing, but then withdrew his request after the supplemental investigation had been completed. ECF Nos. 30 & 37.

division of labor explanation offered now is so simple, it begs the question why Gillespie could not have testified about this supposed division of labor at the outset. That said, the Panel advises that the Court follow the attorney-investigator recommendation and not hold Gillespie responsible for the errors of his partner.

As to the recommended path forward, it remains true that Gillespie indisputably failed to act with candor towards this and other tribunals, in violation of MARPC 19-303.3; and failed to act with fairness and candor towards opposing counsel during settlement negotiations, in violation of MARPC 19-303.4 and 19-304.1. These violations were widespread, serious, and longstanding. Accordingly, the Panel incorporates its prior factual findings and legal conclusions in all respects as to those violations, and recommends that for those violations, the Court reinstate Gillespie's suspension from the practice of law for a period of four (4) months with the right to petition for reinstatement pursuant to Local Rule 705.4. Gillespie's ability to practice in our Court has already been suspended for slightly more than four months pursuant to the initial, now vacated, order of suspension (July 5, 2023, through November 14, 2023). Thus, the Panel recommends that the final order of suspension be reinstated as modified, that Gillespie's four-month suspension be deemed as served, and that he must petition for reinstatement pursuant to Local Rule 705.4.

Dated: __August 7, 2024__

_____/s/_____
Paula Xinis, Chair
United States District Judge


_____/s/_____
Deborah L. Boardman
United States District Judge


_____/s/_____
Ajmel A. Quereshi
United States Magistrate Judge